12-1341-ag
*Mudiyanselage, et al. v. Holder*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand thirteen.

PRESENT:

> José A. Cabranes,
> Chester J. Straub,
> Susan L. Carney,
> > *Circuit Judges.*

_____

Praneeth Bandara Suriya Mudiyanselage, Thusitha Kumari Muhandiram Kapuge, Gayan Kavinda Bandara, Eranga Kavindu Bandara,

> *Petitioners*,

> v.                                                    No. 12-1341-ag

Eric H. Holder, Jr., United States Attorney General,

> *Respondent.*

_____

FOR PETITIONERS:        BENJAMIN B. XUE, Law Offices of Benjamin B. Xue, P.C., New York, NY.


FOR RESPONDENT:        ARTHUR L. RABIN, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION WHEREOF,** of this petition for review of a March 7, 2012 decision of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Praneeth Bandara Suriya Mudiyanselage ("Mudiyanselage") and his wife and two sons (jointly, "petitioners") seek review of a March 7, 2012 decision of the BIA, which affirmed a January 28, 2010 decision of an Immigration Judge ("IJ"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Petitioners, natives and citizens of Sri Lanka, entered the United States in April 2008. In February 2009, Mudiyanselage filed an application seeking asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), listing his wife and sons as beneficiaries and asserting that Sri Lankan officials detained, beat, and interrogated him when they suspected him of knowingly renting an apartment to a member of the terrorist organization Liberation Tigers of Tamil Eelam. He also moved to stay petitioners' removal. Following a January 2010 merits hearing, the IJ denied petitioners' claims for relief and ordered them removed. In reaching this decision, the IJ found that Mudiyanselage and his wife were not credible based on inconsistencies in their testimony, Mudiyanselage's application statement, and their anxious demeanor while testifying. Based on this lack of credibility, the IJ found that Mudiyanselage failed to establish his eligibility for relief. Mudiyanselage timely appealed, arguing that: (1) any inconsistencies between his testimony and that of his wife were minor and did not affect their overall credibility; and (2) he established his eligibility for asylum and withholding of removal. In March 2012, the BIA dismissed Mudiyanselage's appeal, finding no clear error in the IJ's adverse credibility determination and no error in the denial of asylum and withholding of removal on that basis. While noting that Mudiyanselage did not challenge the denial of CAT relief, the BIA affirmed the IJ's finding that Mudiyanselage's lack of credibility undermined his CAT claim.

Mudiyanselage then filed a timely petition for review with this Court along with a motion for a stay of removal. Respondent moves for summary denial of the petition for review. On appeal,

petitioners claim that the IJ erred by basing his adverse credibility determination on minor inconsistencies that were adequately explained. We apply the "substantial evidence" standard of review and "uphold the IJ's factual findings if they are supported by reasonable, substantial and probative evidence in the record." *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (internal quotation marks omitted). For asylum applications governed by the REAL ID Act of 2005, *see* Div. B of Pub. L. No. 109-13, 119 Stat. 302, 303 (2005) (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)), an agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). This Court "defer[s] therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Upon a review of the record, we conclude that the IJ reasonably based his adverse credibility determination on inconsistencies between the testimony of Mudiyanselage and his wife, their anxious behavior while testifying, and Mudiyanselage's asylum application statement. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). For instance, we note the presence of conflicting or questionable accounts of: (1) the behavior of petitioner's children when Sri Lankan soldiers came to search his house, *see* Certified Administrative Record 92-93, 133-37, 309; (2) whether Mudiyanselage had to report to an army camp weekly following his detention by soldiers, *id.* at 97, 100, 142, 302, 311; (3) the interactions between petitioner and his tenants leading up to their detention and following their release, *id.* at 98, 99, 100-01, 301, 302, 312, 483; (4) petitioner and his wife's ignorance regarding their tenants, *id.* at 88, 90, 140; and (5) the behavior of petitioner and his family while in hiding from authorities, including that they delayed their departure to the United States some 11 days after obtaining a visa to do so, *id.* at 101, 112, 118, 302, 483. Accordingly, Respondent's motion for summary denial is **GRANTED** and the petition for review is **DENIED**. Petitioners' motion for a stay of removal is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3